# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. PARKS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-00451-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 19) |

Petitioner Steven G. Rosales ("Petitioner"), attorney for Christopher J. Parks ("Plaintiff"), filed the instant motion for attorney's fees. (ECF No. 19.) Petitioner requests fees in the amount of $7,500.00 pursuant to 42 U.S.C. § 406(b)(1). Petitioner also request that he be directed to reimburse Plaintiff the Equal Access Justice Act ("EAJA") fee in full, $2,000.00.

Plaintiff did not file an opposition or otherwise respond to the motion for attorney's fees, and the time to do so has passed. Defendant Commissioner of Social Security, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion, in which he asserts he neither supports nor opposes Petitioner's request for attorney's fees, but observes that the Court should direct Petitioner to reimburse Plaintiff any fees he previously received under the EAJA. (ECF No. 21.)

/ / /

/ / /

1

# I.

## BACKGROUND

On February 11, 2021, Plaintiff entered into a contingent fee agreement with Petitioner Christopher Parks and Law Offices of Lawrence D. Rohlfing.  (ECF No. 19-1.)  The agreement entitled Petitioner to an award of 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision.  (Id.)

On March 17, 2021, Plaintiff filed a complaint challenging the denial of social security benefits.  (ECF No. 1.)  On April 9, 2021, this Court stayed this action pursuant to General Order Number 615, which stayed all Social Security actions filed after February 1, 2020, until the Commissioner could resume normal operations.  (ECF No. 8.)  On April 1, 2022, the stay was lifted after the Commissioner notified the Court that preparation of administrative records had resumed and the Court rescinded its temporary stay of Social Security matters.  (ECF No. 12; see also E.D. Cal. G.O. 644.)  On May 25, 2022, the parties filed a stipulation agreeing to a voluntary remand for further proceedings pursuant to Sentence Four of 42 U.S.C. 405(g).  (ECF No. 13.)  That same day, the Court approved the stipulation, ordered that the final decision was reversed and remanded, and directed the Clerk of the Court to enter judgment in favor of Plaintiff.  (ECF Nos. 14, 15.)

On August 2, 2022, the parties filed a stipulation for an award of attorney's fees in the amount of $2,000.00 under the EAJA, 28 U.S.C. § 2412, which the Court approved.  (ECF Nos. 17, 18.)

In the instant motion, Petitioner seeks an award of attorney's fees in the amount of $7,500.00, pursuant to 42 U.S.C. § 406(b) and an order to reimburse Plaintiff the amount previously awarded under the EAJA, $2,000.00.  (ECF No. 19.)

# II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due

benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808-09. The attorney has the burden of demonstrating that the fees requested are reasonable. Id. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Id. at 796. The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

**III.**

**DISCUSSION**

**A. Attorney Fees Under 42 U.S.C. § 406(b)**

The Court begins with Plaintiff's agreement to pay 25 percent of the past-due benefits awarded upon reversal of any unfavorable ALJ decision. (ECF No. 19-1.) Petitioner ultimately secured $94,251.02 in retroactive benefits on Plaintiff's behalf. (ECF No. 19-3, p. 3.) Petitioner

now seeks an award of $7,500.00 in attorney's fees pursuant to 42 U.S.C. § 406(b), which is patently less than 25 percent. (ECF No. 19.) From a broad lens, the $7,500.00 fee is not excessively large in relation to the past-due award of $94,251.02.

The Court recognizes the contingent nature of this case and counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). In support of the instant motion, Petitioner submitted a time log reflecting 10.5 hours expended litigating this action. (ECF No. 19-4.) The hours include reviewing documents and the administrative record, correspondence, and preparation of petition for EAJA fees. (Id.) Taking $94,251.02 as the award, Petitioner notes that the hourly rate would be approximately $714.28 and is in the range of reasonable attorney's fees. (ECF No. 19, pp. 4-6.) Petitioner directed the Court to several cases in support of this hourly rate. For example, in Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243 (C.D. Cal. Sept. 20, 2016), the court awarded attorney's fees in the hourly amount of $1,546.39. Id. at *2. Moreover, in Crawford, the Ninth Circuit approved as reasonable de facto hourly rates for combined paralegal and attorney time of $519 in one case, $875 in another, and $902 in the third. 586 F.3d at 1153.[1]

There is no indication that a reduction of fees is warranted for substandard performance. Id. at 1151. Petitioner is an experienced, competent attorney who ultimately secured a successful result for Plaintiff. (ECF No. 19-2.) Further, although this action has been going on since 2021, there is no indication that Petitioner was responsible for the delay in the court proceedings to indicate any undue accumulation of past-due benefits.

In sum, Petitioner's requested attorney's fees in the amount of $7,500.00 is less than 25 percent of the past-due benefits awarded and is not excessive in relation to the past-due award. The Court is cognizant that neither Plaintiff nor the Defendant oppose the award of fees as unreasonable. Petitioner also assumed the risk of receiving no compensation. (ECF No. 19-1.) The Court finds the fee amount requested is reasonable in light of the several years of litigation and the result achieved, as well as the lack of any evidence suggesting either dilatory conduct or

---

[1] These de facto hourly rates are taken from Judge Clifton's concurring and dissenting opinion in Crawford. The Crawford majority opinion did not take issue with Judge Clifton's calculation of these rates. See Crawford, 586 F.3d at 1145-46.

a windfall to Petitioner.  Accordingly, the Court finds that the requested fee of $7,500.00 is reasonable.

**B.  EAJA Refund**

"[A]n award of attorney's fees under § 406(b) does 'not prevent an award of fees and other expenses under' the EAJA, but 'where the claimant's attorney receives fees *for the same work* under both' § 406(b) and the EAJA, then 'the claimant's attorney refunds to the claimant the amount of the smaller fee."  Castillo v. Kijakazi, No. 5:20-CV-02347-KES, 2023 WL 12090215, at *5 (C.D. Cal. June 8, 2023) (emphasis in original) (quoting Public Law No. 99-80, 99 Stat. 183 (1985)).

Both Petitioner and Defendant request that the Court direct Petitioner to reimburse Plaintiff the entirety of fees he previously received under the EAJA.  (ECF Nos. 19, 21.)  The Court agrees and will order that Petitioner refund Plaintiff the entire amount of the EAJA fees previously awarded: $2,000.00.  See Gisbrecht, 535 U.S. at 796.

**VI.**

**CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1.    Petitioner's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $7,500.00 (ECF No. 19) is GRANTED; and

2.    Petitioner is ORDERED to refund $2,000.00 to Plaintiff Christopher J. Parks as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:  **May 27, 2026**    _____

STANLEY A. BOONE
United States Magistrate Judge